## Henry Ziesing et al. v. F. W. Matthiessen et al.

1. BOARD OF EDUCATION—*No Power to Locate a School House Site Without a Vote, etc.*—A board of education has no power to purchase or locate a school house site for a township high school without a vote of the people.

Bill for an Injunction.—Appeal from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 14, 1898.

ALFRED R. GREENWOOD, attorney for appellants.

HASKINS & PANNECK, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Township thirty-three north, range one, east of the third principal meridian, La Salle county, is divided to compose the two towns of La Salle and Peru. At the regular election for trustees of schools in township thirty-three, in April, 1896, the proposition to establish a high school was submitted to the voters and carried by a majority of the votes cast at such election. On May 16, following, at an election regularly called for that purpose, a board of education was elected for such township high school. In March, 1897, and more than fifteen days before the regular election for trustees of schools in township thirty-three, 2,473 persons,

claiming to be legal voters of the township, presented a petition to the treasurer of the township to submit to the voters the proposition to discontinue the high school, as provided by the statute. At the last general election, prior to the filing of the petition, the total number of votes cast in the town of La Salle was 2,449, and in the town of Peru 1,362, being a total of 3,811. The treasurer neglected or refused to submit the proposition as requested by the petition.

On July 18, 1896, the board of education levied a special tax of $25,000 for the purpose of purchasing a school site and for building purposes, on the taxable property in township thirty-three. The board of education, without first submitting the proposition to the voters, selected and purchased a school house site. The foregoing facts, and others not deemed necessary to here recite, were stated in a bill in equity by appellants, taxpayers of the township, and a writ of injunction prayed against the board of education to restrain it from purchasing or locating a school house site, from building such school house, and from levying taxes for such purposes. An injunction writ was issued as prayed, and upon the final hearing by the court the same was dissolved and the bill dismissed for want of equity, from which decree appellants prosecute this appeal and insist upon a reversal thereof, chiefly upon the grounds that (1) the township treasurer wrongfully refused to submit to a vote the proposition to discontinue the high school, and (2) the board of education, as it is claimed, has no power to purchase or locate a school house site without a vote of the people.

To give effect to the remedy sought by the present bill upon the ground first mentioned, that the township treasurer wrongfully refused to submit to a vote of the people the proposition to discontinue the high school, would require the court first to determine that he had so wrongfully refused, and then also to determine that if he had so submitted the proposition it would have been carried by a majority of the people voting upon it. It may be the court could properly

determine the first question, but it is difficult to imagine how the latter question could properly be decided. We know of no way of ascertaining the result of a vote of the people but by the vote of the people themselves, and are therefore of the opinion the proper remedy for such a wrong, if wrong it was, would be to compel the treasurer by proceedings in mandamus to submit the proposition to a vote. Without this it could never be known, except by presuming it, whether a majority of the people of the township were in favor of discontinuing the high school. To give a remedy in equity under such circumstances, and for such reasons, would in effect require the court to assume that a submission of the proposition would have resulted in its adoption. This the court can not do.

Had the board of education for the township high school, power to purchase or locate a school house site without a vote of the people? This question has been answered in the negative by the Supreme Court in Greenwood v. Gmelich, 176 Ill. 526, and inasmuch as the high school in question in that case is the same one involved in this case, nothing remains for this court to decide, and it follows from the reasoning of the Supreme Court that the decree of the Circuit Court is erroneous, and it will be reversed and the cause remanded. Reversed and remanded.

Mr. Presiding Justice DIBELL, having granted the original injunction, took no part in the decision.